IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**MARK A. DAVIS and**
**MARY A. DAVIS**
      **Plaintiff,**

v.                                                       **Civil Action No.:** 3:23-cv-00540
                                                               **Judge: Chambers**

**FELMAN PRODUCTION, LLC.**
**a Delaware Limited Liability Company**

      **Defendant.**

## COMPLAINT

For his complaint against the defendant, the plaintiffs, Mark A Davis and Mary A. Davis, husband and wife, herein allege:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Mark A. Davis and Mary A. Davis are residents and citizens of Syracuse, Ohio.

2. Defendant, Felman Production, LLC. ("Felman") is a Delaware Limited Liability Company with its principal office located in Miami, Florida. Felman is a ferro-silicomanganese alloy manufacturer with a plant located in Letart, West Virginia in Mason County. At all times relevant, plaintiff Mark A. Davis was employed by defendant Felman. As such, defendant Felman is, and at all times relevant, was subject as an employer to and responsible for compliance with all applicable OSHA rules, regulations, and statutes for workplace safety; West Virginia workplace safety rules, regulations, and statutes, and commonly accepted and well-known safety standards within the industry.

1

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper before this Court since the subject incident resulting in plaintiff's serious injuries and damages occurred within the Southern District of West Virginia in or near Letart, Mason County, West Virginia.

**FACTS**

4. At all times relevant hereto, plaintiff Mark A. Davis, was employed by Felman as a maintenance worker.

5. On or about August 25, 2021, in the course of his employment with defendant Felman, plaintiff was seriously injured at Felman's facility in Letart, West Virginia.

6. Felman's facility in Letart, West Virginia ("subject facility") operates one submerged arc furnace to manufacture ferro-silicomanganese that is used in the steel industry. The subject facility has three arc furnaces (#2, #5, and #7), but only furnace #2 was operating on August 25, 2021. The subject facility runs 24/7 and averages 10 to 12 pours/heats per day.

7. On August 25, 2021, during a planned furnace outage, there were six maintenance workers, including Mr. Davis, that were in the process of replacing slipping bands on one phase on the #2 arc furnace. Employees worked from a catwalk that is approximately 14-16 inches in width and that is approximately 15 feet above the floor. The catwalk is accessed by a fixed ladder. Employees did not utilize any type of fall protection while replacing the slipping bands from the elevated catwalk in violation of 29 CFR 1910.28(b)(15). This exposed the employees, including Mr. Davis, to a fall hazard in excess of 15 feet, which is a high degree of risk and a strong probability of serious injury or death. This specific maintenance task is conducted approximately four (4) to five (5) times per year at the subject facility.

8. On August 25, 2021, plaintiff Mark A. Davis was in the process of replacing the slipping bands on the #2 arc furnace when he fell approximately 15 to 18 feet from the elevated catwalk to the surface below resulting in serious injuries which required hospitalization.

9. Plaintiff Mark A. Davis was transported to Holzer Emergency Department in Pomeroy, Ohio and was then transferred to Grant Medical Center in Colombus, Ohio. The employee was inpatient hospitalized, but defendant Felman did not report the hospitalization to OSHA within 24 hours, in violation of 29 CFR 1904.39(a)(2).

10. As a result of a compliant being filed, OSHA inspected the scene and investigated the incident. As a result of its investigation, OSHA issued a serious citation to defendant Felman for violating 29 CFR 1910.28(b)(15)

> 29 CFR 1910.28(b)(15): Walking-working surfaces not otherwise addresses. Except as provided elsewhere in this section or by other subparts of this part, the employer did not ensure each employee on a walking-working surface 4 feet (1.2m) or more above a lower level is protected from falling by one of the systems listed in 1910.28(b)(15)(i)-(iii):
>
> (a) Furnace #2: On August 25, 2021, and times prior, employees were exposed to a fall hazard of approximately 15 to 18 feet above ground level while performing maintenance activities on the 1 phase slipping bands. Employees were not utilizing any type of fall protection.

Defendant Fellman did not contest this citation and paid it. OSHA also issued a second citation to defendant Felman for violating 29 CFR 1904.39(a)(2), which states:

> 29 CFR 1904.39(a)(2): The employer did not report within 24 hours a work-related incident resulting in in-patient hospitalization, amputation or the loss of an eye.
>
> (a) Felman Production, LLC: On August 25, 2021, the employer did not report to OSHA an in-patient hospitalization of an employee injured in a work-related incident that occurred on August 25, 2021 within 24 hours.

11. In addition to issuing the citations referenced in Paragraph No. 10 above, OSHA also made the following findings related to its investivation:

- Felman failed to enforce its written fall protection program that requires the use of fall protection on any surface greater than four (4) feet. Both employees and the maintenance supervisor reported that fall protection has never been used while replacing slipping bands on furnace #2 despite being elevated over 15 feet and working from an unguarded and unprotected narrow catwalk.

- The maintenance supervisor for defendant Fellman admitted that they have used fall protection in the past on furnaces #5 and #7, further indicating that defendant Felman understood its legal obligation to ensure its employees were not being exposed to serious fall hazards in excess of four (4) feet.

- The maintenance supervisor for defendant Fellman admitted that he was working directly with Mr. Davis and the other maintenance workers on August 25, 2021, with no fall protection being utilized.

- The maintenance supervisor and employees stated that there were no anchor points for them to attach a personal fall protection system to while performing this specific work task on furnace #2. Despite there being no anchor points for a personal fall protection system, defendant Fellman failed to install any appropriate guardrail system and/or safety net system to eliminate this known serious fall hazard and specific unsafe working condition.

12. As a result, plaintiff suffered serious, permanent and disabling injuries to his ribs and lungs along with permanent nerve injuries resulting in surgical intervention, extensive treatment, therapy, and rehabilitation.

13. As a direct and proximate result of the actions, omissions and conduct of the defendant, on and prior to August 25, 2021, the plaintiff, Mark A. Davis, sustained severe and disabling injuries described herein, and he has further sustained the following past and future damages:

    a. extreme physical pain and suffering;

    b. extreme mental anguish and suffering;

    c. permanent physical impairment;

    d. loss of wages and benefits;

    e. loss of future earning capacity and benefits;

    f. loss of capacity to enjoy life;

    g. medical expenses past and future;

    h. permanent scarring and disfigurement; and

    i. annoyance and inconvenience.

## COUNT I
**DELIBERATE INTENT – DEFENDANT FELMAN PRODUCTION, LLC**

14. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 13 of this Complaint as if set forth here in verbatim.

15. On and prior to August 25, 2021, defendant Felman violated W. Va. Code § 23-4-2(d)(2)(B), in that:

    I. A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

  II. Defendant Felman, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition(s) and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition(s);

  III. That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of defendant Felman;

  IV. That notwithstanding the existence of the facts set forth in subparagraphs (I) through (III), inclusive, of this paragraph, Defendant Felman, through its management and plaintiff's supervisors, nevertheless intentionally thereafter exposed plaintiff Mark A. Davis, to the specific unsafe working condition(s); and

  V. That Mark A. Davis, suffered serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition(s).

16. As a direct and proximate result of defendant's actions and omissions, on and prior to August 25, 2021, the plaintiff Mark A. Davis, sustained severe and permanent injuries and damages described herein.

17. In support of the plaintiff's allegations as to the existence of specific unsafe working conditions, violations of relevant safety statutes, regulations, and industry safety standards as a contributing cause of plaintiff's injuries, plaintiff attaches the verified statement of James McIntosh, C.S.P., C.I.H., pursuant to W. Va. Code 23-4-2(d)(2)(C)(i).

## COUNT II
## LOSS OF CONSORTIUM – DEFENDANT FELMAN PRODUCTION, LLC

18. The plaintiffs repeat and incorporate here by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if set forth herein verbatim.

19. As a further direct and proximate result of the conduct and actions of the defendant as described herein, the plaintiff, Mary A. Davis has been deprived of the loss of society, companionship, and consortium of her husband, Mark A. Davis.

WHEREFORE, the plaintiffs, Mark A. Davis and Mary A. Davis, demand judgment against the defendant, for:

a.) an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.) costs and attorney fees expended in prosecution of this matter;

c.) pre-judgment and post-judgment interest as provided under the law; and

d.) any and all other relief to which the Court deems plaintiffs are entitled.

**PLAINTIFFS DEMAND A JURY TRIAL.**

                                **MARK A. DAVIS and**
                                **MARY A. DAVIS,**
                                **By Counsel**

*/s/ J. Ryan Stewart*
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, L.C.
213 Hale Street
Charleston, West Virginia 25301
Phone: (304) 345-0346
Fax: (304) 345-0375
rstewart@bjc4u.com

Bradley H. Layne (WVSB #5766)
KAYSER, LAYNE, & CLARK, PLLC
601 Viand Street
Point Pleasant, WV  25550
Phone: (304) 675-5440
Fax: (304) 675-5455
brad.layne@kayserlayneclark.com

*Counsel for Plaintiffs*